UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA STANLEY,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>DIRECT ENERGY SERVICES, LLC,<br><br>　　　　　　Defendant. | Civil Case No. 7:19-cv-03759-KMK |

WHEREAS, certain information and documents may be sought, produced, or exhibited by the parties to this Action (the "Action") or by third parties in connection with this Action, which the party making the production believes in good faith to constitute trade secrets, proprietary business information, competitively sensitive information, or non-public personal or financial information;

WHEREAS, a protective order would facilitate the production, exchange, and discovery of documents, testimony, and information in connection with this Action while preserving the parties' respective positions as to whether particular documents, testimony, or information merit confidential treatment; and

WHEREAS, this matter has come before the Court, by stipulation of the parties, for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by any party and their respective counsel or by any third party in the court of discovery in this matter to the extent set forth below; and the parties, by their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS ORDERED that:

1

1. This stipulated protective order ("Order") shall govern the handling of documents and all other information produced by or between the parties to the Action, or by certain third parties in connection with this Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admission, or other requests for disclosures (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2. As used in this Order:

   a. "Confidential Information" and "Confidential Information – For Outside Counsel Only" means all documents, testimony, and information designated as "Confidential Information" or "Confidential Information – For Outside Counsel Only" by any party pursuant to the terms of this Order, including the contents and all copies, excerpts, extracts, and summaries of such documents, testimony, and information, provided that such designation has not been successfully challenged and finally revoked pursuant to paragraph 11 below. ***Confidential Information*** shall include any information of a personal, private, or intimate nature regarding any individual, including personal or financial information, such as names, addresses, social security numbers, dates of birth, bank account information, and other personal identifying information required to be redacted in public filings pursuant to Fed. R. Civ. P. 5.2, and any information the disclosure of which would potentially violate state and federal privacy laws, rules, or regulations. Likewise, materials containing proprietary business information or other non-public

business information may be designated "Confidential Information." Materials may be designated as *"Confidential Information – For Outside Counsel Only"* if it is extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other confidential commercial/proprietary business information, the disclosure of which to the Receiving Party may create a substantial risk of competitive or other business injury to the Producing Party.

    b.    "Producing Party" means any party or third party producing "Confidential Information" or "Confidential Information – For Outside Counsel Only" in connection with depositions, interrogatories, document production, or otherwise in this Action, or the party asserting the confidentiality privilege, as the case may be.

    c.    "Receiving Party" means the party to the Action and/or any third party receiving "Confidential Information" or "Confidential Information – For Outside Counsel Only" in connection with depositions, interrogatories, documents production, or otherwise.

    d.    "Qualified Person" means any person authorized to receive or review "Confidential Information" or "Confidential Information – For Outside Counsel Only" pursuant to paragraph 5 below.

3. Any party, subpoenaed third party, or other third party whose information may be disclosed in connection with the Action may designate documents produced, testimony given, or other information exchanged in connection with the Action (such as interrogatory answers) as "Confidential Information" or "Confidential Information – For Outside Counsel Only" either by

notation on the document, statement on the record of the deposition, designation pursuant to paragraph 9 or 10 herein, or written advice to counsel for the parties to the Action. Electronic documents and information, if any, shall be designated by any of the foregoing methods or pursuant to a procedure to be agreed upon by the parties. A party may designate as "Confidential Information" or "Confidential Information – For Outside Counsel Only" subject to this Order any document, information, or deposition testimony produced or given by any third party to this case, or any portion thereof, where such information has not already been designated by the third party.

4. All "Confidential Information" or "Confidential Information – For Outside Counsel Only" shall be used solely for the purposes of the Action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than Qualified Persons. Any other use or disclosure, including use or disclosure for any other litigation, is strictly prohibited.

5. Except with the prior written consent of the Producing Party or by order of the Court, "Confidential Information" shall not be furnished, shown or disclosed to any person or entity except to:

   a. the parties to the Action, including employees of the parties who are assisting in the Action;

   b. counsel for the parties to the Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of the Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

   c. copying, imaging, computer services, and/or litigation support services who are bound to protect "Confidential Information" either by their services contract

    with counsel or the Receiving Party or by execution of the confidentiality agreement attached hereto as Exhibit A;

d. any agreed-upon or court-ordered mediator and that mediator's personnel;

e. persons shown on the face of the document to have authored or received it prior to the commencement of this litigation;

f. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein;

g. the Court and the Court's personnel;

h. an officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical, or other personnel of such officer;

i. trial and deposition witnesses; and

j. any other person agreed to by the parties.

6. Material designated by a party as "Confidential Information – For Outside Counsel Only" may be disclosed only to persons described in clauses (b), (c), (d), (e), (f), (g), (h), (i), and (j) of paragraph 5.

7. Before any disclosure of "Confidential Information" or "Confidential Information – For Outside Counsel Only" is made to any person pursuant to paragraph 5(f) or 5(j) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Order. Counsel for the party obtaining the executed Exhibit A from such persons shall supply a copy to counsel for the

5

other party at the time of the disclosure of such persons. With respect to experts and consultants, counsel for the party shall not be required to supply a copy to counsel for the other party unless and until that expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

       8.     Any deposition or trial witness who will be given access to "Confidential Information" or "Confidential Information – For Outside Counsel Only" under paragraph 5(i) shall, prior thereto, be provided with a copy of this Order and counsel shall make reasonable efforts to have such person execute a confidentiality agreement in the form of Exhibit A attached hereto. If unable to obtain an executed confidentiality agreement from such person, counsel shall immediately and prior to the deposition or trial testimony provide notice to counsel for the other party. Counsel for the party obtaining the executed Exhibit A shall supply a copy to counsel for the other party. Alternatively, counsel for the parties may agree that "Confidential Information" or "Confidential Information – For Outside Counsel Only" is adequately protected by such person's existing obligations to maintain the confidentiality of such information. Nothing herein, however, shall prevent any counsel of record from utilizing "Confidential Information" or "Confidential Information – For Outside Counsel Only" in the examination or cross-examination of any person, irrespective of which party produced such information.

       9.     Any document or information that may contain "Confidential Information" or "Confidential Information – For Outside Counsel Only" that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the Receiving Party identifying the document or information as "Confidential Information" or "Confidential Information – For Outside Counsel Only." Any party receiving such improperly-designated documents or information shall retrieve such documents or information from persons not entitled to receive those documents.

10. All depositions, the information disclosed therein, and the transcripts thereof shall presumptively be treated as "Confidential Information" and subject to this Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty (30) day period, the deposition shall be classified appropriately by notifying all of the parties in writing of the specific pages and lines of the transcript which should be treated as "Confidential Information" or "Confidential Information – For Outside Counsel Only" thereafter. Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents designated as "Confidential Information" or "Confidential Information – For Outside Counsel Only," but only during periods of examination or testimony directed to or comprising information that contains "Confidential Information" or "Confidential Information – For Outside Counsel Only."

11. With respect to objections to designations of documents and information as "Confidential Information" or "Confidential Information – For Outside Counsel Only," a party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to the Action disagrees at any stage of these proceedings with the designation by the Producing Party of any information as "Confidential Information," "Confidential Information – For Outside Counsel Only," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party that disagrees with the designation may seek appropriate relief from the Court on an expedited schedule to be established by the Court that provides the opposing party with the opportunity to file a response. Pending the resolution of such motion by the Court, the parties agree to treat the information that is the

subject of the motion in accordance with the Producing Party's designation. The Producing Party shall at all times carry the initial burden of establishing that the contested information merits a "Confidential Information" or "Confidential Information – For Outside Counsel Only" designation.

12. A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing "Confidential Information" or "Confidential Information – For Outside Counsel Only" by another party, or any pleading, brief, or memorandum which reproduces, paraphrases, or discloses "Confidential Information" or "Confidential Information – For Outside Counsel Only," shall file such documents conditionally under seal so as to prevent the disclosure of "Confidential Information" or "Confidential Information – For Outside Counsel Only" to individuals other than Qualified Persons. To the extent practicable, redacted versions of sealed documents shall be placed on the Court's public docket. The party or third party who designated the documents "Confidential Information" or "Confidential Information – For Outside Counsel Only" shall, within ten (10) court days, have the obligation to file a motion to permanently seal the documents pursuant to applicable rules. If no such motion is made by the designating party, the documents previously filed conditionally under seal shall be refiled by the Receiving Party in an unredacted format on the Court's public docket. Counsel receiving service copies of filings that contain material designated "Confidential Information" or "Confidential Information – For Outside Counsel Only" shall disclose such filings only to persons entitled to receive such material under this Order. A Producing Party seeking to file documents it designated "Confidential Information" or "Confidential Information – For Outside Counsel Only" shall file a motion to seal in accordance with local rules and procedures.

13.     Should the need arise for any of the parties to disclose "Confidential Information" or "Confidential Information – For Outside Counsel Only" during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such "Confidential Information" or "Confidential Information – For Outside Counsel Only."

14.     Neither this Order nor the production or disclosure of "Confidential Information" or "Confidential Information – For Outside Counsel Only" shall in any way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.

15.     In the event that the Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in a legal proceeding, subpoena, civil investigative demand, other similar process or rule of law) to disclose any "Confidential Information" or "Confidential Information – For Outside Counsel Only" in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Order, provided, however, that nothing in this Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. Unless the Producing Party waives the protections of this Order, the Receiving Party shall not disclose any "Confidential Information" or "Confidential Information – For Outside Counsel Only" except pursuant to the order of a court of competent jurisdiction directing the disclosure of such "Confidential Information" or "Confidential Information – For Outside Counsel Only."

16. Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the Producing Party informs the Receiving Party in writing that privileged information has been inadvertently disclosed, the Receiving Party (i) must promptly return or destroy the specified information and any copies thereof, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court under seal for a determination of the claim. In presenting the information to the Court under seal for a determination of the claim, the Receiving Party shall not use the inadvertent production as evidence of a waiver of the privilege, protection, or immunity. The Producing Party must preserve the information until the claim is resolved.

17. In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person. The existence, if any, of an adequate remedy at law shall not preclude the applying party from obtaining such relief.

18. This Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such

exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Order. The provisions of this Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action. The Court expressly retains jurisdiction over the Action for enforcement of the provisions of this Order following the final resolution of the Action.

19. Within sixty (60) days after entry of an order, judgment or decree finally disposing of the Action, including any appeals therefrom, all "Confidential Information" and "Confidential Information – For Outside Counsel Only" produced or designated, including any materials or other documents derived therefrom, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of the Action that it has undertaken commercially reasonable efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

20. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21. This Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court.

22. When serving any subpoena in the Action, a copy of this Order shall be included with the subpoena.

23. This Order shall be binding upon any future party to the Action.

24. This Order may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

25. Nothing contained in this Order shall in any way restrict any party's use of its own "Confidential Information" or "Confidential Information – For Outside Counsel Only." Nor shall anything in this Order preclude any party from using any materials produced or provided to it during the litigation derived from, containing, or otherwise referencing a party's own "Confidential Information" or "Confidential Information – For Outside Counsel Only."

Dated: November 25, 20200.

| | |
|---|---|
| s/ *D. Greg Blankinship* | s/ *Michael D. Matthews, Jr.* |
| D. Greg Blankinship | Michael D. Matthews, Jr. |
| Todd S. Garber | Andrew R. Kasner |
| Chantal Khalil | Diane S. Wizig |
| **FINKELSTEIN, BLANKINSHIP,** | **MCDOWELL HETHERINGTON LLP** |
| **FREI-PEARSON & GARBER, LLP** | 1001 Fannin Street, Suite 2700 |
| 1 North Broadway, Suite 900 | Houston, Texas 77002 |
| White Plains, New York 10601 | Tel: (713) 337-5580 |
| Tel: (914) 298-3281 | matt.matthews@mhllp.com |
| Fax: (914) 824-1561 | andrew.kasner@mhllp.com |
| gblankinship@fbfglaw.com | diane.wizig@mhllp.com |
| tgarber@fbfglaw.com | |
| ckhalil@fbfglaw.com | Steven M. Lucks |
| | **FISHKIN LUCKS LLP** |
| Matt Schultz | 277 Broadway, Suite 408 |
| Bill Cash | New York, New York 10007 |
| **LEVIN, PAPANTONIO, THOMAS,** | Telephone: (646) 755-9200 |
| **MITCHELL, RAFFERTY & PROCTOR, P.A.** | slucks@fishkinlucks.com |
| 316 South Baylen St. | |
| Pensacola, Florida 32502 | *Counsel for Defendant* |
| Tel: (850) 435-7059 | |
| mschultz@levinlaw.com | |
| bcash@levinlaw.com | |

*Attorneys for Plaintiff*

SO ORDERED.

Dated: November 25, 2020

[signature]

Hon. Kenneth M. Karas
United States District Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA STANLEY,

        Plaintiff,

v.

DIRECT ENERGY SERVICES, LLC,

        Defendant.

Civil Case No. 7:19-cv-03759-KMK

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order (the "Order") entered in the above-entitled action.

5. I have carefully read and understand the provisions of the Order.

6. I will comply with and agree to be bound by all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of the above-entitled action, any "Confidential Information" or "Confidential Information – For Outside Counsel Only" that is disclosed to me.

8. I will return all "Confidential Information" or "Confidential Information – For Outside Counsel Only" that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the "Confidential Information" or "Confidential Information – For Outside Counsel Only."

14

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in the above-entitled action.

Executed on _____                                              _____
                  (Date)                                                                                   (Signature)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing document was served by electronic mail on November 25, 2020 on all counsel of record.

/s/ Diane S. Wizig
Diane S. Wizig