UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA STANLEY,<br><br>               Plaintiff,<br><br>v.<br><br>DIRECT ENERGY SERVICES, LLC,<br><br>               Defendant. | Civil Action<br><br>Case No: 7:19-cv-03759-KMK |

**DECLARATION OF D. GREG BLANKINSHIP**

I, D. Greg Blankinship, declare under 28 U.S.C. § 1746(2) that the following is true and correct:

1. I am a partner in the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"). We are counsel to Ms. Stanley ("Plaintiff"), along with Levin, Papantonio, Rafferty, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A. ("LPR") (collectively, "Plaintiff's Counsel") in the above-captioned action. As such, I have personal knowledge of the information set forth herein.

2. I make this declaration in support of the following:

    a. Plaintiff's Uncontested Motion for Final Approval of Class Action Settlement; and

    b. Plaintiff's Uncontested Motion for Attorneys' Fees, Expenses, and Service Award.

3. Before bringing this lawsuit, Ms. Stanley's counsel exhaustively investigated Ms. Stanley's claims and independently obtained samples of Direct Energy's marketing materials. Ms.

Stanley's counsel also identified the relevant energy markets and the rates available from local utilities; researched what causes of action to assert against Direct Energy; and developed a theory of the case and litigation strategy.

4. After this lawsuit was filed, the parties engaged in substantial discovery practice, including depositions, the exchange of written discovery, and the production of ESI and other documents. This required the Plaintiff to review thousands of documents.

5. As part of her investigation, and in preparation for her class certification motion and for a trial on the merits, Plaintiff also engaged the services of experts to assess class wide damages. That expert reviewed, in connection with the mediation, billing and cost data from Direct Energy on its New York and Pennsylvania variable rate electricity customers, and he assisted Plaintiff in determining the extent to which Direct Energy's rates were in excess of local utilities.

6. In 2021, the parties began to discuss the possibility of settling this action. On June 3, 2021, the parties mediated this action with the Hon. Diane M. Welsh, a former United States Magistrate Judge (E.D. Pa.), who now maintains an extensive mediation practice through JAMS, and who has significant experience in evaluating and resolving large-scale litigation such as complex class actions (including actions against energy service companies like Direct Energy). Prior to and during this mediation, the parties exchanged information about damages and their legal theories.

7. With Judge Welsh's assistance, the parties reached a settlement in principle on key terms with respect to class members' claims.

8. Only after agreeing to settle the claims, did Judge Welsh and the parties begin to discuss attorney fees or costs. They were negotiated separately.

9. Over the next few weeks, the parties negotiated a formal settlement agreement, attached to my Declaration as Ex. 1.

10. Plaintiff now moves the Court to finally approve the settlement contained in this agreement and to award Plaintiff's Counsel's attorneys' fees, expenses, and a service award.

11. Plaintiff's Counsel received one comment regarding the settlement in this case. While Plaintiff's Counsel do not believe the comment constitutes an objection, Plaintiff's Counsel provide the comment attached to my Declaration as Ex. 2.

## FBFG Has Experienced Consumer Class Action Attorneys

12. FBFG will fairly and adequately represent the interests of all class members. FBFG has a proven track record of zealously and successfully advancing the interests of class members in consumer class actions.

13. FBFG has more than sufficient resources to represent the class. FBFG's attorneys are highly qualified and have extensive experience in complex civil litigation and consumer class actions. We have past experience with class action litigation concerning claims involving retail energy companies like Direct Energy. We understand the duties imposed upon class counsel in consumer class actions and have proven adept at all phases of litigation, from discovery and motion practice to trial and appeal or settlement.

14. FBFG's partners have been recognized as "Super Lawyers" and have been selected by their peers as amongst the New York area's "Best Lawyers." The firm's lawyers have been selected for admission to the Top Trial Lawyers in America™ and to the Litigation Counsel of America's Trial Lawyer Honorary Society, as well as inducted as Fellows in the American Bar Foundation.

15. FBFG attorneys have successfully litigated complex class actions in federal and state courts all across the country and have obtained successful results for clients against some of the world's largest corporations. A sampling of the Firm's more significant past and present cases can be found in the Firm's Resume, a copy of which is attached to my declaration as Exhibit 3.

16. FBFG has been appointed class counsel numerous times.

17. FBFG attorneys have the requisite knowledge of the substantive and procedural law to prosecute this class action. FBFG has committed its resources to the vigorous litigation of this case, has identified appropriate claims, and has aggressively pursued discovery to establish the evidence necessary to obtain class certification and to prevail on the merits.

18. In prosecuting this action and during settlement negotiations, FBFG collaborated closely with co-counsel William F. Cash III and Matthew D. Schultz, of LPR, to obtain the best possible outcome for the Class. Mr. Cash's declaration describes their contributions to this action and their firm. They have extensive experience in prosecuting consumer class actions, have been appointed class counsel and MDL counsel numerous times, and have more than sufficient resources to represent the Class.

## ATTORNEYS' FEES AND COSTS

19. From inception through today, FBFG attorneys expended the following number of hours at the following hourly rates, in performing legal services on behalf of Plaintiffs:

| Name | Position | Year of Law School Graduation | Rate | Hours | Total |
| --- | --- | --- | --- | --- | --- |
| D. Greg Blankinship | Partner | 2002 | $950 | 249.1 | $236,645.00 |
| Chantal Khalil | Associate | 2015 | $525 | 334.9 | $175,822.50 |

4

| Sami Ahmad | Associate | 2018 | $300 | 234.7 | $70,410.00 |
| --- | --- | --- | --- | --- | --- |
| Joshua Cottle | Associate (Not Yet Admitted) | 2021 | $250 | 19.7 | $4,925.00 |
| Evelyn Ozuna | Paralegal | N/A | $190 | 11.8 | $2,242.00 |
| Amir A-Ali | Paralegal | N/A | $160 | 7 | $992.00 |
| Total | | | | 856.4 | $491,036.50 |

20. In my judgment, and based on my years of experience, the number of hours expended and the services performed by FBFG attorneys and paraprofessionals were reasonable and expended for the benefit of Plaintiff in these actions.

21. FBFG also incurred expenses in the amount of $26,957.90. These expenses include: court fees, services fees, mediation fees, computer research, and other case related expenses that commonly benefitted Plaintiffs. All of these expenses were necessary and reasonable, and typical of expenses that courts approve for reimbursement. Moreover, having accepted the case on a contingency basis, Class Counsel made a concerted effort to avoid unnecessary expenses and economized where possible. A detailed list of these expenses is attached as Exhibit 4 to my declaration.

22. FBFG is a modestly-sized firm comprising fourteen attorneys. As a result, the time spent litigating against Defendant in the hope of eventually obtaining a substantial verdict or settlement for the Class, and a fee for Class Counsel, was a significant commitment of the Firm's resources. FBFG spent very substantial time litigating this case that it could not spend on other matters.

23. Moreover, because it is modestly-sized, the Firm carefully screens its class action contingency matters to enhance its likelihood of success. Even then, there was absolutely no

assurance that the extraordinary commitment of time and effort devoted to these actions would result in the payment of any fee at all.

24. Attached as Exhibit 1 is a True and Correct Copy of the Class Action Settlement Agreement.

25. Attached as Exhibit 2 is a True and Correct Copy of Mr. Fallon's Comment Regarding the Proposed Settlement.

26. Attached as Exhibit 3 is a True and Correct Copy of the FBFG Firm Resume.

27. Attached as Exhibit 4 is a True and Correct Copy of FBFG's detailed expenses for this action.

Under 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 7, 2022

                             */s/ D. Greg Blankinship*

                              D. Greg Blankinship